UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | CV 18-7413 JLS (RAO) | Date: | February 4, 2019 |
| Title: | Rashid K. Khalfani v. United States Securities and Exchange Commission, et al. | | |

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| Donnamarie Luengo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| N/A | N/A |

**Proceedings:** **ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR INSUFFICIENT SERVICE OF PROCESS**

### I. BACKGROUND

On August 23, 2018, Plaintiff Rashid K. Khalfani ("Plaintiff"), proceeding *pro se*, filed a civil rights complaint ("Complaint") pursuant to 42 U.S.C. § 1983 against Defendants United States Securities and Exchange Commission ("SEC"), Amy J. Longo, Junling Ma, Robert P. Mosier, Mosier Company, Kathy Phelps, and Diamond McCarthy LLP. (Dkt. No. 1.)

On the same day, Plaintiff filed four separate Proofs of Service of Summons ("Proofs of Service") on Defendants Ma, Longo, Mosier, and Phelps. (Dkt. Nos. 4-7.) Defendants have not appeared in this action.

### II. LEGAL STANDARD

Federal Rule of Civil Procedure 4 ("Rule 4") governs service of process in federal actions. Rule 4(m) states that an action shall be dismissed without prejudice if the summons and complaint are not served on a defendant within 90 days from the date the complaint is filed. However, with a showing of good cause from a plaintiff, the court must appropriately extend the time for service. Fed. R. Civ. P. 4(m).

Proper service of a summons and complaint upon an individual may be effectuated by personally delivering a copy of both to an individual, leaving a copy of both at the individual's dwelling with someone of suitable age and discretion who resides there, or delivering a copy of both to an agent authorized to receive service. Fed. R. Civ. P. 4(e)(2). Service may also be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  CV 18-7413 JLS (RAO)                         Date:  February 4, 2019
Title:     Rashid K. Khalfani v. United States Securities and Exchange Commission, et al.

made according to the law of the state where the district court is located or where service is made.  Fed. R. Civ. P. 4(e)(1).

California permits various methods of service upon an individual: personal delivery of a copy of the summons and complaint; substituted service if personal delivery is not possible with reasonable diligence; service by first-class mail; and service by publication with court authorization.  Cal. Civ. Proc. Code §§ 415.10, 415.20(b), 415.30, 415.50.

To serve a United States agency or a United States employee sued in his or her official capacity, service must be made upon the United States, and a copy of the summons and complaint must be sent to the agency or employee by registered or certified mail.  Fed. R. Civ. P. 4(i)(2).  To serve a United States employee sued in an individual capacity, regardless whether the employee is also sued in an official capacity, service must be made upon the United States and upon the employee in accordance with Rule 4(e).  Fed. R. Civ. P. 4(i)(3).

A domestic corporation or partnership must be served in accordance with Rule 4(e)(1), or by delivering a copy of the summons and complaint to an officer, managing or general agent, or any other agent authorized to receive service of process.  Fed. R. Civ. P. 4(h)(1).

Service may be made by anyone who is at least 18 years of age and not a party to the action.  Fed. R. Civ. P. 4(c)(2).

### III.  DISCUSSION

#### A.  Plaintiff Does Not Appear to Have Served All Defendants

No Proofs of Service were filed for Defendants SEC, Mosier Company, and Diamond McCarthy LLP.  It appears that Plaintiff has not attempted service on these Defendants in accordance with Rules 4(i)(2) and 4(h)(1).

Further, Plaintiff's Complaint indicates that Defendants Longo, Ma, Mosier, and Phelps are being sued in both their individual and official capacities. (Dkt. No. 1.)  However, only a single Proof of Service has been filed for each of these Defendants, and the Proofs of Service do not indicate in what capacity each defendant is being served.  Thus, it appears that Plaintiff has not attempted proper service on these Defendants in both capacities.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 18-7413 JLS (RAO) | Date: | February 4, 2019 |
| Title: | Rashid K. Khalfani v. United States Securities and Exchange Commission, et al. | | |

### B. Plaintiff's Proofs of Service Suffer from Numerous Deficiencies

Plaintiff filed four nearly identical Proofs of Service on Superior Court of California Proof of Service of Summons forms. Plaintiff filed each of these Proofs of Service in Orange County, California at the U.S. District Court in Santa Ana, on August 23, 2018 at 3:46 p.m.[1] (Dkt. Nos. 4-7.) However, each of the Proofs of Service indicates that Plaintiff served the Complaint on Defendants at 4:00 p.m. that same day, *after* filing the Proofs of Service with the Court. Additionally, Plaintiff asserts that service was completed around numerous locations in Southern California (Downtown Los Angeles, Beverly Hills, and Costa Mesa) all at the same time. (*See* Dkt. Nos. 4-7.)

Further, for each Defendant to be properly served, the clerk must issue summons, and this summons must be served with a copy of the complaint. Fed. R. Civ. P. 4(b), 4(c)(1). Plaintiff filed his Complaint on August 23, 2018 at 3:45 p.m., just one minute prior to filing his four Proofs of Service. (Dkt. Nos. 1, 4-7.) In this short period of time, Plaintiff did not request the clerk to issue summons, nor did the Court in fact ever issue summons. Plaintiff's filed Proofs of Service also fail to indicate that summons was served with the Complaint, and rather reflect that Plaintiff merely attempted to serve a copy of the Complaint. (Dkt. Nos. 4-7.)

Plaintiff also asserts that he served Defendants himself. (Dkt. Nos. 4-7.) Although Plaintiff left the "Person who served papers" section of the Proofs of Service blank, Plaintiff wrote and signed his name as the person who served the papers. (Dkt. Nos. 4-7.) This is improper because a party to an action may not attempt service of a summons and complaint. *See* Fed. R. Civ. P. 4(c)(2).

Considering the lack of any filing or appearance by Defendants, the deficiencies in Plaintiff's Proofs of Service raise questions about whether service was attempted at all.

///

///

///

///

---

[1] A portion of the date of service on Defendant Ma's Proof of Service is illegible; however, the Court is presuming that the date intended is August 23, 2018, in uniformity with the other filed Proofs of Service.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 18-7413 JLS (RAO) | Date: | February 4, 2019 |
| Title: | Rashid K. Khalfani v. United States Securities and Exchange Commission, et al. | | |

## IV. CONCLUSION

For the reasons stated, Plaintiff is **ORDERED TO SHOW CAUSE** why this action should not be dismissed pursuant to Rule 4(m) due to Plaintiff's failure to properly effectuate service. Plaintiff shall file his response no later than **February 18, 2019**.

**If Plaintiff fails to file a timely response to this Order as directed above, the action will be subject to dismissal without prejudice for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

**IT IS SO ORDERED.**

| | : | |
|---|---|---|
| Initials of Preparer | | dl |